NOT DESIGNATED FOR PUBLICATION

No. 107,512

IN THE SUPREME COURT OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRYAN EUGENE BROWN,
*Appellant.*

MEMORANDUM OPINION

Review of the judgment of the Court of Appeals in an unpublished opinion filed May 24, 2013. Appeal from Shawnee District Court; RICHARD D. ANDERSON, judge. Opinion filed August 18, 2017. Judgment of the Court of Appeals affirming the district court is affirmed on the issues subject to review. Judgment of the district court is affirmed on the issues subject to review.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, was on the briefs for appellant.

*Chadwick J. Taylor*, district attorney, *Jodi Litfin*, senior assistant district attorney, and *Derek Schmidt*, attorney general, were on the briefs for appellee.

*Per Curiam*: Bryan Eugene Brown pleaded no contest to one count of failing to register as an offender under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq.*, and one count of attempted failure to register. On appeal, Brown argued for the first time that the registration requirement violated the Ex Post Facto Clause of the United States Constitution because at the time of his underlying drug offense he was not required to register under KORA. The Court of Appeals rejected this claim. *State v. Brown*, No. 107,512, 2013 WL 2395319 (Kan. App. 2013) (unpublished opinion). On

1

review, we affirm based on our denial of a similar claim in *State v. Shaylor,* 306 Kan. __, __ P.3d __ (No. 108,103, this day decided).

FACTUAL AND PROCEDURAL BACKGROUND

In 2004, Brown was charged with possession of cocaine with the intent to sell. He pleaded no contest in 2006 and was sentenced to 30 months' imprisonment and 24 months' postrelease supervision. At that time, KORA did not require drug offenders to register. See K.S.A. 2003 Supp. 22-4902.

In 2007, the Kansas Legislature amended KORA to impose offender registration requirements on persons who had been convicted of various drug offenses—including possession with intent to sell. See K.S.A. 22-4902(a)(11)(C). Brown failed to comply with KORA in 2010 and 2011. He pleaded no contest to one count of failing to register and one count of attempted failure to register. The district court sentenced Brown to 57 months' imprisonment and 24 months' postrelease supervision for the registration violation and a concurrent 12-month prison term for the attempted violation.

On appeal, Brown presented three issues: (1) whether imposition of a registration requirement violated the Ex Post Facto Clause; (2) if so, whether the court lacked a sufficient factual basis for his plea; and (3) whether the court violated his Sixth and Fourteenth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it sentenced him to an increased sentence based upon his prior criminal history without requiring that the State put it before a jury and prove it beyond a reasonable doubt. The Court of Appeals affirmed the district court's judgment. *Brown*, 2013 WL 2395319, at *5.

2

Brown petitioned the court for review. We granted review on the KORA issues only. Jurisdiction is proper. K.S.A. 20-3018(b) (petition for review of Court of Appeals decision); K.S.A. 60-2101(b) (providing Supreme Court jurisdiction over cases subject to review under K.S.A. 20-3018).

*SHAYLOR* CONTROLS THE OUTCOME

In *Shaylor*, the defendant appealed from her conviction for failure to register as a drug offender under the KORA. At the time of her conviction for manufacture of methamphetamine in 2002, KORA did not impose a requirement on drug offenders. See K.S.A. 2002 Supp. 22-4902. But in 2007, the legislature amended the definition of "offender" for registration purposes to include any person convicted of unlawful manufacture of any controlled substance or controlled substance analog "unless the court makes a finding on the record that the manufacturing or attempting to manufacture such controlled substance was for such person's personal use." K.S.A. 22-4902(a)(11)(A); *Shaylor*, 306 Kan. at __, slip op. at 2.

The *Shaylor* court held that the persuasiveness of Shaylor's ex post facto claim turned on whether KORA's requirements constitute punishment for her underlying drug crime. We noted that the legislative intent in enacting KORA was to establish a nonpunitive civil regulatory scheme. We further held that, "to overcome that intent, only the 'clearest proof' concerning the effects of KORA on the class of drug or violent offenders would suffice." 306 Kan. at __, slip op. at 5. From this perspective, we further observed that Shaylor made no such showing and held that "[w]ithout a factual record, we cannot conclude that KORA's registration requirements as to drug offenders are so punitive as to override the legislature's intent that KORA be a civil remedy." 306 Kan. at __, slip op. at 5.

3

Similarly, Brown made no factual record below. Therefore, he has not demonstrated, as he must, that the registration requirements constitute punishment. And because the registration requirements did not increase Brown's punishment under the law of this case, the retroactive application of KORA registration to his drug conviction does not violate the Ex Post Facto Clause. This holding disposes of all of Brown's issues subject to review.

We affirm the lower courts' judgment on the issues subject to our review.

\* \* \*

BEIER, J., dissenting: Consistent with my votes in *State v. Meredith*, 306 Kan. ___, ___ P.3d ___ (No. 110,520, filed August 4, 2017); and *State v. Huey*, 306 Kan. ___, ___ P.3d ___ (No. 109,690, filed August 11, 2017), I respectfully dissent from the majority's decision in this case.

"Kansas' requirement of offender registration—especially in its modern, maximally invasive, maximally pervasive, and infinitely more public incarnation—is punishment, certainly in effect if not in intent. It is no less so for a drug offender than for a sex offender or a violent offender. It is no less so when the Ex Post Facto Clause is before us than when *Apprendi* or the Eighth Amendment is before us." *Meredith*, 306 Kan. at ___, slip op. at 11-12 (Beier, J., dissenting).

ROSEN and JOHNSON, JJ., join the foregoing dissent.

4